UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHN STEVEN RILEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Case No. 3:11-CV-465 JD |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

John Steven Riley, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 1968 murder conviction by the Lake Superior Court. This is not the first time that Riley has brought a habeas corpus petition challenging that conviction. In *Riley v. Parke*, 3:95-CV-010 (N.D. Ind. filed January 5, 1995), Riley sought to challenge the same conviction he is challenging here. The court found that the petition was procedurally defaulted and final judgment was entered August 15, 1995.

Regardless of whether the claims that Riley is now attempting to present are new or whether they were presented in his previous petition, this petition must be dismissed because this court lacks jurisdiction to consider them. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore any claims previously presented must be dismissed. Any claim not previously presented must also be dismissed because "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Here, Riley has not obtained an order from the Seventh Circuit permitting him to

proceed with any previously unpresented claims. "A district court <u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore any previously unpresented claims must also be dismissed.

For the foregoing reasons, this case is **DISMISSED** for want of jurisdiction.

SO ORDERED.

ENTERED: December 9, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court